[Holmes *v.* Weaver.]

# Holmes *v.* Weaver.

*Action on Injunction Bond to recover Counsel Fees.*

*Attorneys' fees; when recoverable in injunction suit.* — Counsel fees incurred in defending an injunction suit in the chancery court and procuring its dissolution may be recovered in an action on the bond, conditioned according to § 3430 R. C., after the dissolution of the injunction.

APPEAL from Circuit Court of Dallas.

Tried before Hon. MILTON J. SAFFOLD.

The appellant brought this action against Weaver, a surety, to recover damages for the breach of an injunction bond.

The complaint contains two counts. The first sets forth the bond, avers that the injunction was wrongfully sued out, and has since been dissolved and bill dismissed, and that by reason of suing it out plaintiff sustained damage to the extent of five hundred dollars, by being forced to employ counsel to defend against the injunction, and to obtain a dissolution, at and for said sum, which was a reasonable and necessary expense incurred by the plaintiff. The second count was the same as the first except that it claimed damages for keeping plaintiff out of the use and occupation of a tract of land, &c., the value of the rent, &c., being five hundred dollars.

The court sustained a demurrer to each count of the complaint, on the ground, in substance, that no right of action for damages was disclosed by the complaint; and this ruling is now assigned as error.

PETTUS & DAWSON, for appellant. — The principle on which appellant's action is maintainable has been several times decided by this court. *Ferguson & Scott* v. *Baber*, 24 Ala. 406 ; *Miller* v. *Garrett*, 35 Ala. 100 ; *Metcalf* v. *Young*, 43 Ala. 643 ; *Seay* v. *Greenwood*, 21 Ala. 491. See also *Garret & Hill* v. *Logan*, 19 Ala. 344. This precise question was settled in *Noble* v. *Arnold*, 23 Ohio State, 264. The purpose of the statute in exacting the bond is to make the defendant whole — to reimburse him for damages, whether they result from a good or bad motive in suing out the injunction. Employing an attorney to defend is a direct, immediate, and natural result of the suit brought.

MORGAN, LAPSLEY & NELSON, *contra.* — This precise question has not been decided in this court. The cases only support the recovery of attorneys' fees where the injunction was sued out *maliciously.* The weight of authority is against appellant's theory of the law. *Roberts* v. *Mason*, 10 Ohio

[Holmes v. Weaver.]

State, 282; *Gadsden* v. *Bank of Georgetown*, 5 Richardson, 343; *Olrichs* v. *Spain*, 15 Wallace, 230; *Guyon* v. *Terrill*, 1 Blackf. C. C. Reports, 244; 3 Dallas, 306; 13 Howard, 363.

JUDGE, J. — Can counsel fees incurred in defending against an injunction suit in the court of chancery be recovered in an action upon the injunction bond, instituted after a dissolution of the injunction, the condition of the bond being, as prescribed by the statute, " to pay all damages which any person may sustain by the suing out of the injunction, if the same is dissolved ? " This is the principal question presented by the record in the present case for our determination.

It is contended by counsel for the appellee, that such fees are recoverable only in cases where exemplary or vindictive damages are allowed. We cannot subscribe to the correctness of this view ; but hold, as was held by this court in *Seay* v. *Greenwood* (21 Ala. 496), which was a suit on an attachment bond, " that there is no just or sound reason why the consideration of these expenses, in the estimation of damages by the jury, should be confined to cases of malice." And in a subsequent case, which was an action on a detinue bond, with a condition similar to the condition of the bond sued on in the present case, it was held that counsel fees for defending the suit were recoverable. *Ferguson & Scott* v. *Baber's Adm'r*, 24 Ala. 402. We can see no distinction in principle, as to this question, between the cases above cited and the one before us.

It is also contended that such damages do not follow as a necessary result from the grant of the injunction, and that, consequently,.they are too remote, uncertain, and contingent to be allowed. The same question was made in *Ferguson & Scott* v. *Baber's Adm'r, supra,* and it was there held that " the employment of counsel to defend is a consequence which naturally or ordinarily results from bringing a suit to assert and maintain a controverted claim ; and that the fees paid to them, in order to make defence, legitimately constituted a portion of the damages to which the defendant was subjected within the meaning of the condition of the bond," &c. We concur in and adopt the conclusion thus attained in that case. See also *Miller* v. *Garrett*, 35 Ala. 96.

Whatever may have been decided elsewhere as to the question involved, we feel constrained to adhere to the previous decisions of this court in cases analogous to the present, cited upon the brief of counsel for the appellant, in which it has been held that counsel fees are recoverable as damages legitimately flowing from a breach of the condition of the bond.

The court below having erred in its ruling upon the question, the judgment must be reversed, and the cause remanded.