# Jackson *et. al. v.* Millspaugh *et al.*

*Action for Damages on an Injunction Bond.*

1. *Liability on injunction bond.*—The makers of an injunction bond are not liable for the injury and expense of the suit, unless such injury and expense were caused by the injunction itself.

2. *Same.*—All necessary and proper expenses incurred to procure the dissolution of an injunction or to prevent its reinstatement, in the court below, are the natural and proximate result of the wrongful suing out of the injunction, and are recoverable as damages.

3. *Same.*—The counsel fees recoverable in such cases are not necessarily for the defense of the whole action; they are limited to that part of the defense, or the whole, as the case may be, that may be rendered necessary by the writ of injunction.

4. *Same.*—Where the defendants, in an action for damages for the sale of certain goods, filed a bill to reform the contract, and obtained a temporary injunction against the prosecution of plaintiffs action, and plaintiffs (defefendants in the injunction suit) moved to dissolve the injunction, which motion was not acted on until the hearing on the merits, when the injunction was dissolved, all the expenses incurred by the defendants in the injunction suit in preparing for the final hearing should be included in the assessment of damages.

APPEAL from City Court of Birmingham.

Tried before Hon. W. W. WILKERSON.

HEWITT, WALKER & PORTER, for the appellants, cited *Robertson v. Robertson*, 58 Ala. 70; *Hovey v. Rubber Tip Pencil Company*, 50 N. Y. 335; *Disbrow v. Garcia*, 52 N. Y. 654; *Newton v. Russell*, 87 N. Y. 527; *Cook v. Jackson*, 41 N. Y. Eq. 155; High on Inj. Vol. 2, § 1686; *Campbell v. Metcalf*, 1 Montana, 378; *Allport v. Kelly*, 2 *id.* 343; *Parker v. Bond*, 5 *id.* 14; 1 Pac. Repr. 209.

ARNOLD & EVANS, for the appellees, cited *Jackson v. Jackson*, 92 Ala. 294; *Davis v. Sowell*, 77 Ala. 275; *Chambers v. Ala. Iron Co.*, 67 Ala. 359; *Bibb v. Shackelford*, 38 Ala. 613; *Harrison v. Yerby*, 87 Ala. 189; *Whitten v. Dunham*, 89 Ala. 497; *Bolling v. State*, 65 Ala. 426.

STONE, C. J.—Bills in equity have come to occupy a very large field in judicial administration, and injunctions, as a means of making their remedial powers effective, have a very wide and varied scope. Sometimes they are mere incidental aids—temporary adjuncts to equitable relief, while in other cases their permanent, restraining power is the object, the end sought to be accomplished by them. Hence it is exceedingly difficult to declare the extent of liability incurred by unauthorized and unsuccessful resort to their restraining powers. Reason and authority concur in asserting that the makers of an injunction bond are liable for the damage done to another by the wrongful resort to this extraordinary process, as it is styled.; but they are liable no farther. They are in no sense liable for injury and expense of the suit, unless such injury and expense were caused by the injunction itself. The one must sustain the relation of cause to the other as its effect, to fix a liability therefor.—*Robertson v. Robertson*, 58 Ala. 68; 2 High on Injunctions, § 1686; *Randall v. Carpenter*, 88 N. Y. 293; *Hovey v. Rubber Tip Pencil Co.*. 50 N. Y. 335; *Holmes v. Weaver*, 52 Ala. 516.

In *Bolling v. Tate*, 65 Ala. 417-426, we said: "It would seem that all necessary and proper expenses incurred to procure the dissolution [of an injunction], or to prevent its re-instatement, in the court below, are the natural and proximate result of the wrongful suing out of the injunction, and are recoverable as damages." Quoting from Ch. Walworth, *Edwards v. Bodine*, 11 Paige, 223, we said: "The necessity of paying such counsel fees is an actual damage, which the defendants have sustained by reason of the injunction. . . It is not a mere matter of discretion, as the condition of the bond is imperative, that the obligors in the bonds shall pay to the parties enjoined such damage as they may sustain by

[Jackson et al. v. Millspaugh et al.]

reason of the injunction." We further said in the same case, quoting many authorities in support of it, that "The fees recoverable are not necessarily for the defense of the whole action. They are limited to that part of the defense, or the whole, as the case may be, that may be rendered necessary by the writ of seizure, or injunction complained of." In *Andrews v. Glenville Woolen Co.*, 50 N. Y. 282, the court said, "Expenses properly incurred on the part of the defendant for the purpose of dissolving an injunction, were legally allowable as damages."

Jackson and another, by conveyance in writing, sold to Millspaugh and others certain goods and choses in action, at a stipulated price paid. The writing expressed what things were sold. Millspaugh and associates brought suit for damages, alleging that Jackson and his associate had failed and refused to deliver certain of the things purchased. Thereupon Jackson and his co-partner filed a bill, charging that a mistake had been made in the draught of the writing, and that it mentioned and conveyed several things, which were not in fact sold, and were not intended to be included in the conveyance. It prayed for a reformation of the contract, and that the suit at law, to the extent it sought to recover the disputed items be enjoined. A temporary injunction was obtained, and the statutory bond in such cases was required and given.

Millspaugh and others, the parties enjoined, filed sworn answers denying the mistake charged, and thus denied the ground on which the equity of the bill and the injunction depended. They thereupon moved to dissolve the injunction on the sworn denials in the answers. This motion was not acted on until the final hearing, when the injunction was dissolved and the bill dismissed. Testimony had been taken, and the case was tried on its merits. The present suit was brought on the injunction bond to recover damages for the wrongful suing out of the injunction. The question raised is, whether the bondsmen are liable for the expense of attorneys' fees in preparing the case for a final hearing and decision, which dissolved the injunction and dismissed the bill; or whether their liability is limited to the expense of dissolving the temporary injunction, had the motion therefor been pressed. It was testified by a witness for Millspaugh and others and not objected to, nor denied, that the motion to dissolve the temporary injunction "was continued from time to time by consent at the instance of the solicitors of complainants [Jackson and associate] and it was finally agreed that it should be heard at the same time that the case should be heard finally."

[Kennon & Hill v. Adams Bros.]

The controlling purpose of Jackson's bill was an injunction of the suit at law, to the extent it was charged there was a mistake in the written contract. Without the injunction, there must be a recovery at law for all that was claimed, for the writing on which it was founded precluded all defense at law, based on the alleged mistake. And the necessity for getting rid of the temporary injunction did not end the trouble. If dissolved on motion, and afterwards re-instated on proof, this would have left Millspaugh and his associates equally without right to recover, to the extent relief should be obtained under the bill. So, the expense the injunction imposed on them was not limited to getting relief from the temporary injunction. It extended farther, and embraced all the outlay that would become necessary to prevent a re-instatement of the injunction.

We have not commented on the fact that action on the motion to dissolve was delayed until the hearing on the merits, not by the individual act of the movers. It was done by consent. Possibly this should exert some influence in the decision of the question we are considering. We need not decide this question.

We concur with the City Court in holding that, in this case, all the expense incurred by Millspaugh in preparing the case for final hearing must be classed as damages resulting from the injunction, and is recoverable.

Affirmed.