# Curry *et al. v.* American Freehold Land Mortgage Co.

### *Action on Injunction Bond.*

1. *Injunction bond; what recoverable by suit on.*—Damages to be recoverable upon an injunction bond must fall within its conditions, and therefore must have been caused by the injunction. Hence where the injunction is not the principal aim of the suit, but is merely incidental to other relief sought the expenses of counsel fees incurred by the party enjoined in defense of the main suit and irrespective of the injunction cannot properly be allowed as a liability on the bond.

2. *Same.*—Where pending a proceeding by a mortgagee to foreclose the mortgage under a power therein contained, an injunction is granted to restrain the sale of the homestead of the mortgagor which was included in the mortgage, but so included by mistake as alleged by the mortgagor in his bill for injunction and reformation of the mortgage, and the mortgagee files a cross bill praying for a sale of all the lands covered by the mortgage to pay the mortgage debt and attorney's fee provided for, and no effort was made to dissolve the injunction and it was only dissolved at the hearing and as part of the decree dismissing the bill and granting relief on the cross bill, and it did not appear that any special services were rendered in resisting or on account of the injunction, but the attorney for the mortgagee was paid his reasonable fee for the management of the whole case out of the proceeds of the sale of the mortgaged lands, no attorney's fee can be collected by suit on the injunction bond.

[Curry *et al.* v. American Freehold Land Mortgage Co.]

3. *Same; what cannot be collected on.*—The rent of land the sale of which under mortgage is enjoined, cannot be collected by suit on the injunction bond, since the injunction did not prevent the appointment of a receiver is asked for by the mortgagee, to collect the rents pending the continuance of the injunction to be applied to the mortgage debt.

APPEAL from Madison Circuit Court.

Tried before Hon. H. C. SPEAKE.

Suit on injunction bond by the American Freehold Land Mortgage Company against B. J. Curry and others. The case is clearly stated in the opinion.

DAVID D. SHELBY, for appellant.—(1). The recovery of fees is limited to fees for services in dissolving the injunction and does not extent to other services in the suit.—*Boling v. Tate*, 65 Ala. 417. (2). Where the injunction is merely auxiliary to the main object of the suit and no effort is made to get rid of the injunction before final hearing, and the injunction is dissolved on final hearing because complainant fail in the action no counsel fees whatever are recoverable.—10 Am. & Eng. Ency. Law, 1 ed., p. 1001; *Donahue v. Johnson*, 37 Pac. Rep. 322.

R. W. WALKER and D. I. WHITE, *contra*, contended, that the fact that the fee paid covered other services besides those rendered in getting rid of the injunction does not exempt the makers of the bond from liability for the expenses caused by the injunction.—*Jackson v. Millsprangle*, 100 Ala. 285.

SHARPE, J.—The plaintiff holding a mortgage executed by the defendant Curry and his wife on certain lands including their homestead, was proceeding to foreclose under a power when the mortgagors filed a bill alleging that the homestead was included by mistake, and praying a cancellation of the mortgage, and for an injunction to restrain the sale. The sale of the homestead tract was enjoined on the execution of the bond here sued on. The remaining lands were sold under the power and were bought by the plaintiff, who thereupon filed an answer to the bill and made it a cross-bill to com-

pel the Currys to elect whether to abide the sale, and in the event the sale which had been made was disaffirmed, for a decree to sell all the lands to pay the debt secured including an attorney's fees for foreclosure and collection which had been stipulated for in the mortgage. On final hearing a decree was rendered dissolving the injunction, dismissing the original bill and granting relief as prayed in the cross-bill. The debt was not wholly paid from the sale which followed, and a personal decree for the balance was rendered against Curry, reciting his waiver of exemptions as to same.

The present suit is on the injunction bond given in the chancery cause and the only items of damage sought to be proven consist of expense of counsel incurred on account of the injunction and loss of rents and profits of the homestead tract while the injunction was in force.

The foreclosure proceedings appear from record of the chancery court which were in evidence on the trial. The facts are undisputed. They show that the only expense of counsel to which the plaintiff has been subjected, is that which the defendant Curry contracted by the terms of the mortgage to pay for its foreclosure and the collection of the debt. A witness testifies in substance that a fair and reasonable compensation for the services of counsel which were rendered "in and about the injunction part of the case" is one hundred and fifty dollars; that the fees in the entire case were one thousand dollars, which sum included "that part of services rendered in and about the injunction part of the case;" that no motion was made to dissolve the injunction but it was dissolved on final hearing of the chancery cause; that no separate or additional charge was made on account of the injunction, and the fee of one thousand dollars was under the cross-bill and according to the terms of the mortgage, decreed against the defendant as part of the debt therein secured and was paid by the plaintiff from the proceeds of the land after foreclosure sale.

Damages to be recoverable upon an injunction bond must fall within its condition and therefore must have been caused by the injunction. Hence where the injunction is not the principal aim of the suit but is merely incidental to other relief sought, the expense of counsel

fees in curred by the party enjoined in defense of the main suit and irrespective of the injunction cannot properly be allowed as a liability on the bond.—*Jackson v. Millspaugh,* 100 Ala. 285; *Bolling v. Tate,* 65 Ala. 417.

To bring its claim for expense of counsel within this principle it devolved on the plaintiff to make proof that services of counsel were engaged or employed in resisting or on account of the injunction either in advance of or upon the final disposition of the chancery cause. We fail to find any evidence of resistance to the injunction unless it can be inferred from the witness' statement as to what services of counsel were worth in "the injunction part" of the cause. As appears from the records in evidence, no contention or proceeding was had in that cause relating to the injunction after its issuance except in its dissolution by and as the result of the decree dismissing the bill on final hearing of the main cause. The only services charged for by plaintiff's counsel were for foreclosing and collecting and it nowhere appears that such services were increased or the charges therefor augmented by reason of the injunction.

The plaintiff was enjoined only from selling the land but not from intercepting the rents. This he might have done through a receiver for which he could have applied in the pending suit. The rents did not belong to him and his only right in them was to intercept and preserve them for application to the mortgage debt. His failure to do so was not caused by the injunction. The claim for damage on account of rents were properly disallowed by the circuit court.

Upon the merits of the case as they appear under the issues of fact the plaintiff fails to show a right to recover and without passing on the minor assignments of error or those relating to the pleading the judgment will be reversed and a judgment here rendered for the defendant.

Reversed and rendered.