(77 South. 745)

DAVIS et al. v. KEMP.   (1 Div. 9.)

(Supreme Court of Alabama.   Dec. 20, 1917. Rehearing Denied Jan. 24, 1917.)

1. INJUNCTION ⚛➡39 — RECEIVERS ⚛➡22 — RIGHT TO REMEDY—INDEBTEDNESS—EFFECT.

The mere fact that the purchaser of cows owed the seller part of the price, failed to meet the installments of the purchase price which were past due, and was insolvent gives no right to court of equity to seize the cows through a receiver, or enjoin the purchaser from selling them or removing them from premises leased from the seller.

---

⚛➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

2. INJUNCTION ⊚➾118(3)—RECEIVERS ⊚➾32—RIGHT TO REMEDY—INDEBTEDNESS—EFFECT.

Where defendant bought cows from plaintiff to be paid for in installments, an averment on information and belief that defendant placed the cows on other land in the possession of other persons, and that he intended to sell or otherwise dispose of the cows in violation of the lease agreement, is wholly insufficient to authorize an injunction or a receiver.

3. INJUNCTION ⊚➾59(1) — ENFORCEMENT OF CONTRACT.

Contract by which defendant leased a dairy farm from plaintiff and purchased cows from him and agreed not to remove the cows from the premises during the term or until they were paid for is not one which equity will enforce by injunction.

4. INJUNCTION ⊚➾118(1) — ENFORCEMENT OF CONTRACT.

Such contract could not be enforced after expiration of the leasehold, requiring defendant to keep the cows on the premises, in the absence of offer to renew or extend the lease during the life of the injunction.

5. INJUNCTION ⊚➾118(2) — ENFORCEMENT OF CONTRACT.

Such contract, further entitling plaintiff on default of payment to declare the lease canceled, could not be enforced by injunction after the expiration of the lease, or after the right of the lessee to declare it canceled expired, in the absence of showing that the lease had not, in fact, been canceled.

6. INJUNCTION ⊚➾59(1)—RIGHT TO REMEDY—OTHER REMEDY.

If plaintiff leased a dairy farm to defendant, who purchased cows from plaintiff on installments and defaulted in the payment thereof, plaintiff had a landlord's lien on the cows under Code 1907, § 4734, giving the landlord a paramount lien, and an adequate remedy at law under section 4739, providing for enforcement of such lien by attachment, so that he could not have the contract enforced by injunction.

Appeal from Circuit Court, Mobile County; Norvelle R. Leigh, Jr., Judge.

Bill by W. H. Kemp against A. J. Davis and another, to fasten the lien or for an injunction. From a decree overruling demurrers to the bill, respondents appeal. Reversed and rendered.

Gregory L. Smith & Son, of Mobile, for appellants. Gaillard, Mahorner & Arnold, of Mobile, for appellee.

MAYFIELD, J. The bill is somewhat unusual. It is difficult to denominate it with certainty, otherwise than as one seeking an injunction, or a receiver in the alternative. The prayer, omitting formal parts, is:

"That this honorable court declare that complainant has a lien upon said cows to secure the payment of the unpaid purchase price therefor, and will further decree that the same be sold at such time and under such conditions as to this honorable court may seem proper, for the payment of the unpaid purchase price therefor, or, should this honorable court find and decree that complainant is not entitled to the relief above prayed for, then your complainant prays that your honors will appoint a receiver for the purpose of taking over, holding, and preserving said herd of dairy cows, subject to the orders of this court, until the maturity of the debt, and until complainant shall have reasonable time and opportunity to reduce said debt to a judgment, and shall have obtained execution thereon, and a levy and sale thereunder by the sheriff."

[1] No facts are averred to show that complainant has any lien upon the cows in question other than a landlord's lien, and no other facts are alleged, to confer jurisdiction on the court to sell the cows, in the absence of any equitable lien on the part of complainant. The mere fact that respondent owes complainant for the purchase price of the cows and has failed to meet the payments or installments of the purchase price, past due, and is insolvent, gives no right to a court of equity to seize the cows, through a receiver, or to enjoin respondent from selling them or from removing them from certain leased premises. It is true that the bill with its exhibits shows a lease by complainant to defendant for one year, with the right to renew on the same or similar terms, of a certain dairy farm, and alleges a sale of the cows on credit, the price to be paid in monthly installments, and alleges a breach of the lease contract by defendant through the failure to pay the installments as for the purchase price of the cows, and those due as for the lease. There is no attempt to make a case under any of our statutes giving the landlord a lien on the crops or goods of the tenant; and, if there was such a case made, it would affirmatively appear that complainant has an adequate remedy at law by attachment. Equity was probably attempted to be ingrafted by this averment:

"Complainant is advised and believes, and upon such information and belief avers, that the said A. J. Davis placed said cows in the possession of said Mrs. A. J. Donavan, and upon the premises of the said A. Lawrence, residents of Mobile county, Ala., residing on St. Stephens road, near the six mile post from Mobile, Ala., and the said cows are now located upon the premises of the said A. Lawrence, and in the possession and control of the said Mrs. A. J. Donavan, and complainant is further informed and believes, and upon such information and belief avers, that the said respondents intend to sell or otherwise dispose of said cows, in violation of said lease agreement, or hide them out so as to keep complainant from locating and identifying same."

[2, 3] This averment is wholly insufficient to authorize an injunction or a receiver. It only avers information and belief on the part of complainant, and does not even aver the facts to be true, as to which he is so informed; but, even if the facts were properly averred, they would not authorize the relief prayed, or any other appropriate equitable relief. The trial judge evidently overruled the demurrer to the amended bill upon the theory that it is a bill to specifically enforce a contract by injunction. The contract alleged, however, is not of the kind which equity will enforce by injunction, as was the contract under consideration in the case of McCurry v. Gibson, 108 Ala. 451, 18 South. 806, 54 Am. St. Rep. 177, cited and relied upon by the trial court. That was a contract not to

engage in the practice of a profession or business within a given time and territory, in consideration of the sale of the business, practice, good will, etc.

[4] Neither is the contract here one for personal services of the character of those of public performers, etc., which will be enforced by injunction, or a breach of which will be enjoined by the same process. Roquemore v. Mitchell, 167 Ala. 476, 52 South. 423, 140 Am. St. Rep. 52; Electric Co. v. Mobile, 109 Ala. 190, 19 South. 721, 55 Am. St. Rep. 927; Iron Age Co. v. W. U. Tel. Co., 83 Ala. 498, 3 South. 449, 3 Am. St. Rep. 758. The reason for injunction in such cases is that the services are purely of personal skill and art for which no adequate substitute can be had, and that the damages suffered on account of a breach would be difficult of ascertainment, and the remedy at law inadequate. There must also be, in such cases, covenants which are negative in fact as well as in form. Amer. L. Co. v. E. & W. Dry Cleaning Co., 74 South. 58.[1] While there may be negative covenants implied in this case—that is, stipulations not to remove the cows from the leased premises except upon certain conditions, which have not been performed—yet there are other elements necessary to warrant injunctive relief, which are not shown. The contract sought to be thus enforced contains express provisions by which the cows may be removed from the leased premises, one of which is that this may be done upon the lessee's executing a mortgage on the property to secure the purchase price, and another, that any unprofitable cow may be exchanged for another cow suitable for dairy purposes. While the bill avers in general terms that these provisions have not been complied with, yet it does not seek to enforce compliance, nor does it even allege a willingness to allow the lessee to comply therewith. Another trouble is presented, in this: The lease has now expired; and while it provides an option for renewal, the court cannot compel either party to renew it. The lease of the dairy farm, and the sale of the cows, were items of one and the same contract; and, as the lessee now has no right to occupy the leased premises, it would certainly be unusual for a court of equity to compel the lessee to keep his cows on premises which he has no right to occupy. Unless the complainant should offer to allow him to continue to use the premises as lessee, the respondent would be a trespasser thereon after the expiration of the lease. Certainly, therefore, the bill should offer to renew or extend the lease during the life of the injunction sought.

[5] The lease also contains a provision authorizing the lessor complainant to declare the lease forfeited during its lifetime, and to have the leased property restored to him. This provision is as follows:

"If the lessee shall fail to may [pay] any one of the payments herein provided for, or any pay-

ment hereafter to be provided for, within ten days after the same falls due, the lessor shall then have the right to declare this lease canceled, and it shall be the duty of the lessee to promptly remove from the premises and deliver the same, together with all of the lessor's property, over to the lessor, and to continue his payment for the property purchased from the lessor, under the terms of this lease agreement."

The bill shows that the condition specified as authorizing the lessor to declare the lease forfeited has arisen or happened, but fails to aver whether or not the lessor has exercised his option and declared it forfeited, and obtained possession of the leased premises. It is very true that the lease had not expired when the bill was filed, nor when the decree below was rendered, but it did appear that it would expire pending the life of the injunction or receivership sought. It did therefore appear that the condition had arisen or occurred, by which the complainant could declare the lease forfeited, and recover the possession of the leased premises and property, but there was failure of averment whether or not he had elected to exercise his option. For aught that appears, complainant may have forfeited the lease, and have been restored to the possession of the premises and property leased, in which event respondent could not well keep the cows on complainant's property. The complaint is therefore, defective in this respect, and on demurrer must be construed against complainant.

It is not improper to call attention to the fact that the bill does not seek to have the contract specifically enforced, as to the execution of the mortgage. While it avers that the cows were removed without the execution of a mortgage, it fails to aver a willingness to accept the mortgage, or even demand made for its execution, and does not seek to have it executed.

The bill also seeks to enjoin the removal of the cows from the leased premises, and yet avers that they have already been removed; that they were removed before the filing of the bill. With this averment, the only appropriate relief would be to require the respondent to return the cows to the leased premises, and keep them there until the purchase price was paid, or until complainant could obtain judgments, and executions, and sales of the cows to satisfy the executions.

We are convinced that the bill is demurrable, and that the trial court erred in overruling respondent's demurrer thereto.

[6] If the facts averred in this bill are true —and on demurrer they must be held to be true—the complainant has a landlord's lien on the cows as for advancements under section 4734 of the Code, and an adequate remedy at law under section 4739 of the Code, and hence there is no equity in the bill. The complainant has by an attachment a speedy and adequate remedy at law, affording all the relief which a court of equity could award.

It follows that the decree appealed from is

[1] 199 Ala. 154.

erroneous and must be reversed; and a decree will be here rendered dismissing the bill.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.