(84 South. 412)

KEMP et al. v. DONOVAN et al. (1 Div. 317.)

(Court of Appeals of Alabama. July 21, 1919. Rehearing Denied Oct. 21, 1919.)

1. INJUNCTION ⟨⟩252(7)—EXPENSES OF DEFENDANTS AGAINST WHOM ONLY INJUNCTIVE RELIEF SOUGHT ARE RECOVERABLE ON BOND.

Defendants, against whom only injunctive relief was sought, may on injunction being dissolved recover on the bond, as damages, expenses in lifting the restraint through demurrer to the bill and appeal from decree overruling demurrer.

2. INJUNCTION ⟨⟩250 — FOR RECOVERY ON BOND OF EXPENSES IN LIFTING RESTRAINT, THEY MUST BE SPECIALLY CLAIMED, AND PAYMENT OR LIABILITY THEREFOR SHOWN.

That expenses of defendants, against whom only injunctive relief was sought, in lifting the restraint, may be recovered on the bond, they must be specially claimed, and payment or liability therefor shown; it not being enough to prove value of services rendered.

3. EVIDENCE ⟨⟩332(1) — SUPREME COURT CLERK'S CERTIFICATE OF AFFIRMANCE OR REVERSAL EVIDENCE IN ANY CAUSE.

By express provision of Code 1907, § 5987, subd. 5, the certificate of affirmance or reversal thereby required to be sent down by the clerk of the Supreme Court is evidence in any cause of the facts set forth as thereby provided.

Samford, J., dissenting in part.

Appeal from Circuit Court, Mobile County; Saffold Berney, Judge.

Action by Annie J. Donovan and another against W. H. Kemp and others on an injunction bond. Judgment for plaintiffs, and defendants appeal. Reversed and remanded.

Gaillard, Mahorner & Arnold, of Mobile, for appellants.

Attorney's fees in an action on an injunction bond are not recoverable, where the general Code form is used and must be claimed as special damages. 69 Ala. 135; Id. 373; 74 Ala. 259; 102 Ala. 400, 14 South. 742; 150 Ala. 404, 43 South. 574. Such damages must fall within the condition of the bond, and must have been caused by the injunction. 65 Ala. 417; 124 Ala. 614, 27 South. 454; 63 Neb. 638, 88 N. W. 860; 2 Neb. (Unof.) 512, 89 N. W. 412.

Gregory L. & H. H. Smith, of Mobile, for appellees.

Where the conditions of an injunction bond are shown to have been broken, a plaintiff is entitled to nominal damages, even though no actual injury was sustained. 29 Ala. 147; 78 Ala. 162; 13 Ala. App. 510, 69 South. 304. If error has been committed, which may be remedied by amendment, the cause will be reversed and remanded for new trial. 1 Ala. 402; 52 Ala. 285; 69 Ala. 135.

BROWN, P. J. The bill in equity, as originally filed by Kemp, was against one Davis, and sought to establish and enforce a lien on certain personal property alleged to have been sold by Kemp to Davis on the ground that Davis, in violation of the contract of sale, had removed the property from the premises leased by Kemp to Davis contemporaneously with the sale, the purpose of establishing the lien being to enforce the payment of the purchase price of the property, default having been made in the payment thereof. Subsequent to the filing of the original bill, it was amended by making appellees Donovan and Lawrence parties respondent and averring that Davis had surreptitiously removed the property from the leased premises of Kemp to the premises of said Lawrence and placed it in the possession of the respondent Donovan. For the purpose of preserving the status quo as of the date the bill was filed, the complainant applied for, and obtained, a temporary injunction, restraining the said respondents from removing or disposing of the property pendente lite. The respondent Davis interposed a general demurrer, attacking the equity of the bill, and the respondents Donovan and Lawrence adopted, by separate paper filed, the demurrers filed by Davis. On submission of the cause on the demurrers to the bill, a decree was rendered by the circuit court overruling the demurrers, and from that decree an appeal was prosecuted to the Supreme Court. On the hearing in the Supreme Court, the decree of the circuit court was reversed and

one rendered sustaining the demurrers to the bill and dismissing it for want of equity. Davis v. Kemp, 201 Ala. 219, 77 South. 745. This action is by Donovan and Lawrence against Kemp and the sureties on the injunction bond, executed as a predicate to the issuance of the temporary injunction.

[1, 2] The material and controlling question presented in this case is whether the plaintiffs are entitled to recover, as elements of damages, the expenses incurred by them in the employment of counsel to represent them in filing their demurrer to the bill and presenting it to the trial court and in prosecuting the appeal to the Supreme Court. There is no division of opinion here that—

"Damages to be recoverable upon an injunction bond must fall within its condition and therefore must have been caused by the injunction. Hence where the injunction is not the principal aim of the suit, but is merely incidental to other relief sought, the expense of counsel fees incurred by the party enjoined in defense of the main suit and irrespective of the injunction cannot properly be allowed as a liability on the bond." Curry v. American Freehold Land Mortgage Co., 124 Ala. 614, 27 South. 454; Bolling v. Tate, 65 Ala. 417, 39 Am. Rep. 5; Jackson v. Millspaugh, 100 Ala. 285, 14 South. 44; Jesse French Piano Co. v. Porter, 134 Ala. 307, 32 South. 678, 92 Am. St. Rep. 31.

But in this case it is manifest from the facts above stated that the only relief sought against the plaintiffs in this case was injunctive relief, whatever might be said of the character of the relief sought against Davis, who is not a party to this suit, and brings the case clearly within the rule laid down in Bush v. Kirkbride, 131 Ala. 409, 30 South. 782, where it was said:

"This liability is by no means limited in respect to costs and charges incurred by the persons enjoined to such as are incident to efforts to have the injunction dissolved. Those are not the only costs and charges which approximately result from the issuance of the writ and grow out of efforts on the part of the respondents affected by it to be relieved from its operation. The fees of counsel for investigation of respondents' status and rights with reference to the injunction, and for his advice thereon, and for services rendered in any proceeding or effort the purpose of which, and the effect of which if successful, is to lift the restraint of the writ, whether this be sought to be done through a motion to dissolve the injunction, or a motion to discharge it, or through a motion to dismiss the bill for want of equity or a dismissal of it on pleadings and proof at the hearing where, as in the case at bar, injunctive relief is the sole purpose and prayer of the bill, constitute damages sustained by the suing out of the injunction, and are recoverable as such by suit on the bond when the injunction has in point of fact been in any way or for any cause dissolved; and this upon the very letter of the statute and the bond given in conformity to it."

See, also, Jackson v. Millspaugh, supra, in which the injunction was dismissed on final hearing on the pleadings and proof, where it is said:

"We concur with the city court in holding that, in this case, all the expense incurred by Millspaugh in preparing the case for final hearing must be classed as damages resulting from the injunction, and is recoverable."

We concur in the conclusion, and in the reversal for that reason, that such damages, to be recovered, must be specially claimed, and it is not enough to prove the value of the services rendered; but, to entitle the plaintiffs to recover, they must show that they either paid for such services, or incurred liability therefor. Schening v. Cofer, 97 Ala. 726, 12 South. 414; Curry v. American Freehold Land & Mortgage Co., supra.

[3] Code of 1907, § 5987, subdiv. 5, makes the certificate issued by the clerk of the Supreme Court thereunder evidence in any cause in any court in this state of the facts set forth as therein provided, and the court did not err in admitting the certificate issued in the case of Davis v. Kemp, as evidence in this case.

Reversed and remanded.

BRICKEN, J., concurring.

SAMFORD, J. (dissenting). I concur in the reversal of the judgment in this case, but I do not think the conclusions reached by the majority are correct for the following reasons.

The plaintiff in the court below was permitted to introduce his evidence and make out his case as if the amendment, now admitted to be error, had already been made, and, notwithstanding the objection of defendant, all of the testimony offered by the plaintiff to establish his contention was admitted by the court, and hence this court has the full record before it for consideration. This record discloses the injunction bond with the usual conditions, the original and amended bills in the chancery suit praying that a restraining order be issued pending the termination of the suit preventing respondents (appellees here) from selling, disposing of, or hiding out, any of the cows described in the bill of complaint, except according to the terms and conditions of a certain contract made an exhibit to the bill; that at the hearing of the cause a lien be declared in favor of the complainants upon the cows described, and for a permanent injunction against the appellant from selling, or otherwise disposing of, any of the cows, except where the same are replaced by cows of equal value, until the appellee had fully paid for the cows according to the terms and conditions of the contract, the demurrer to the original bill, the decree sustaining the

demurrer to the original bill, the amended bill, the decree overruling the demurrer to the amended bill, the certificate of the clerk of the Supreme Court reversing the decree of the lower court on demurrer and dismissing the bill. Thereupon plaintiff offered evidence by a reputable attorney as to what would be a reasonable attorneys' fee for dissolving an injunction in a case similar to the one then on trial, which was testified to be more than $300. But on cross-examination he testified:

"I have not fixed the fee for the actual services rendered as disclosed by the record in this case, but am only able to state what the usual and customary fees are in litigated cases where advised as to the amount involved. The fees which I have named are the fees recommended by the Mobile Bar Association and are considered as reasonable fees. I have no idea as to the amount of services rendered by the attorneys in dissolving said injunction further than the statement of the hypothetical question that the case is a litigated one."

There was no evidence that a motion had been made to dissolve the injunction, or that any attorney had been employed for that special purpose, or that any service had been rendered in the procuring of the dissolution of the injunction other than the services rendered in the defense of the main case. There was no evidence of any special damage other than above stated.

Where counsel fees are incurred in procuring the dissolution of an injunction improperly or wrongfully issued, such fees are recoverable as part of the damages incident to the restraint imposed if it appears that this expense has been occasioned by reason of the issuance of the injunction. Jesse French Piano Co. v. Porter, 134 Ala. 302, 32 South. 678, 92 Am. St. Rep. 31. But where the injunction is merely ancillary to the principal relief sought by the bill, and its dissolution is only incident to the defense made, and the counsel fees are incurred in defending the suit generally, they cannot be assessed as damages. 14 R. C. L. p. 486, § 189; Walker v. Pritchard, 135 Ill. 103, 25 N. E. 573, 11 L. R. A. 577. Such fees, when recoverable, are limited to those necessary in procuring a dissolution of the injunction, and services rendered in making a general defense on the merits are excluded. Bolling v. Tate, 65 Ala. 417, 39 Am. Rep. 5; Jackson et al. v. Millspaugh, 100 Ala. 285, 14 South. 44; Curry et al. v. American Freehold Land Mortgage Co., 124 Ala. 614, 27 South. 454; High on Injunctions, § 1686; 22 Cyc. 1053. And it has been said that—

"If a defendant, instead of attempting to remove the preliminary injunction, seeks rather to prevent the issuing of a permanent injunction, or directs his efforts to defeating the action of the plaintiff, the expense of counsel fees incurred is an incident to the suit and is not recoverable as damages sustained by reason of the injunction." 14 R. C. L. p. 488; Curtiss v. Bachman, 110 Cal. 433, 42 Pac. 910. 52 Am. St. Rep. 111.

And "if there is nothing to show what portion of the services were rendered in attempting to procure such dissolution as distinguished from those rendered in general defense of the suit, there can be no recovery." Lambert v. Alcorn, 144 Ill. 313, 33 N. E. 53, 21 L. R. A. 611.

It has never been the policy of the law of this state to impose a penalty upon persons instituting suits in the courts to enforce their claims, unless in doing so extraordinary remedies are employed, and not then, unless the extraordinary writ caused damages other than such as would ordinarily follow from the defense of the suit independently of the expense incident to the defense against the extraordinary writ.

It appearing from this record that under the rulings of the trial court the plaintiffs were given every opportunity to introduce such testimony as they desired, and it appearing further from the court proceedings in the injunction suit that no motion was made to dissolve and that these plaintiffs merely adopted the demurrer of Davis, who is not a party to this suit, but was the original defendant in the injunction suit; that instead of attempting to remove the preliminary injunction the plaintiffs, by adopting the demurrer of Davis, the original defendant in the injunction suit, sought rather to prevent the issuance of a permanent injunction, or directed their efforts to defeating the action, and there was an entire absence of any evidence tending to show any special services of an attorney in the procurement of the dissolution—I am of the opinion that the plaintiffs would not be entitled to recover special damages or counsel fees in this action, and, therefore, to remand this cause would be useless. And it further appears that there was a breach of the injunction bond, and therefore the plaintiff was entitled to nominal damages, but under the facts that was all he would be entitled to; and therefore, this cause having been tried and determined by the court without a jury, this court should proceed to render such judgment as the court below should have rendered.