## Ex parte LEE & ALLEN.

[PETITIONS FOR HABEAS CORPUS.]

1. *Jurisdiction of State courts to discharge enrolled conscript.*—Where a person has been regularly enrolled, and sworn into the military service of the Confederate States, he cannot raise the question of the regularity of his assignment to any particular command or duty, on *habeas corpus* before a State judge or court.

In the matter of the respective petitions of Solomon D. Lee and John D. Allen for the writ of *habeas corpus*, by which they sought to procure their discharge from the custody of Col. C. P. Ball, commanding the 9th Alabama cavalry regiment, who held them as members of his regiment near Selma. The petitions were sworn to on the 24th May, 1864, and were heard before the Hon. PORTER KING, judge of the first judicial circuit, on the 14th June, 1864. On the hearing it was proved, that each of the petitioners was about twenty-five years old, and each had placed a substitute in the army of the Confederate States ; that they were arrested and enrolled by the enrolling officer of the congressional district, on the 30th January, 1864, and were sworn in as privates in a company which belonged to a battalion commanded by L. D. Hatch. It further appeared, that said Hatch commenced to raise said battalion, under authority from Governor Shorter, in September, 1863 ; that the battalion was to consist of infantry, for local defense, and for six months' service ; that Hatch procured authority from the war department at Richmond, in the latter part of January, 1864, to increase his battalion into a regiment, and to convert it from infantry into cavalry ; that he commenced the re-organization of his men under this new authority, early in February, and continued in the command of the regiment until Col. Ball was assigned to its command by General Polk ; that most of the men re-enlisted, for the war, when the regiment was organized; and that the petitioners, after reporting to the proper company officer, as required to do when they were enrolled, received furloughs for a few days, and never returned until they were arrested and brought back. On all the evidence adduced, the circuit judge decided that the petitioners were not entitled to be discharged, and therefore remanded them to the custody of Col. Ball. The petitioners reserved exceptions to the ruling and decision of the circuit judge, and now renew their applications to this court. The two cases were argued and submitted together.

WM. M. BROOKS, for the petitioners.

The State, ex rel. Graham, in re Pille.

STONE, J.—The act of congress which abrogates the exemption of those persons who have placed substitutes in the army, and places them upon the footing with other conscripts, has been adjudged by this court to be valid and binding.—See *Ex parte Tate*, at the present term. Both these petitioners are within the influence of the said act of congress; and under the provisions of the military bill, of the last session of congress, are in the military service of the Confederate States, "for the war."

The proceedings had before the circuit judge show, that each one of the applicants was enrolled by an enrolling officer, and sworn into the provisional army of the Confederate States. This being the case, no court of this State is authorized to discharge them.—See Code, § 3742.

The petitioners being enrolled and sworn into the military service of the Confederate States, they cannot raise the question of the regularity of their assignment, on writ of *habeas corpus*. If the courts of the country could interfere with the plans and appointments of the military commanders, the best-devised combinations of the military department might be thwarted, and its wisest schemes defeated.

The writ of *habeas corpus* is refused.