# Tecumseh Iron Co. *v.* Camp.

*Bill in Equity for Account of Iron Ore Mined and Removed.*

1. *Accounting in equity.*—A court of equity will always order an account, when incidental to some other relief, but will not take jurisdiction to settle matters of account where there is no mutuality or complication, and when no fiduciary relation exists; nor will it take jurisdiction to order an account of iron ores mined and removed from

[Tecumseh Iron Co. v. Camp.]

land, in which the complainant claims to own a half interest, and alleges that the defendant is in possession under a trespasser without right or title, but will require the question of title to be first settled at law.

APPEAL from the Chancery Court of Cherokee.

Heard before the Hon. S. K. McSPADDEN.

The opinion of the court in this case seems to state all the material facts. The transcript has never come to the hands of the reporter.

COLEMAN, J.—The purpose of the bill is to have an account stated between plaintiffs and defendant, and to charge defendant with one half the iron ore mined and moved from the forty acres of land described in the bill, to defendant's furnace. Plaintiffs claim to own an undivided half interest in the land under the will of their father, which is made an exhibit to the bill, and aver that their father owned a half interest in the land at the time of his death. The bill also avers that the defendant has mined and moved 400,000 tons of ore, of the value of $40,000. The bill avers "that said Tecumseh Iron Company has been in possession of said land, as complainants are informed, believe, state and charge, under and by purchase from Geo. W. Alexander; and complainants insist, state and charge that Geo. W. Alexander had no interest in said land, and therefore had no authority, right or power to sell or convey said land to the said Tecumseh Iron Company, as he never did have any right or interest in said land; and if any sale was ever made by Geo. W., or him and his wife, it was wholly void so far as such sale affected complainants." The prayer of the bill is for an account and general relief, and does not ask for any special relief as to title; neither is the bill one seeking partition of the land.—*McEvoy v. Leonard*, 39 Ala. 457, 460; *McMath v. DeBardelaben*, 75 Ala. 68.

If the averments of the bill are true, the defendant is in possession as a trespasser, claiming the right to the land under a purchase from one Geo. W. Alexander, who the bill avers had no title or interest in the same. Leaving out of consideration for the present all other questions, before the court could proceed to order an account, and hold defendant responsible for the iron ore, it must necessarily determine the disputed question of titles to the land. A party can not accomplish indirectly by bill in chancery that which can not be done directly. The rule that courts of equity, having jurisdiction for one purpose, will proceed to settle all matters germane to the disputed question, can not be invoked, in cases where the equitable jurisdiction of the court can not be exercised until

[Tecumseh Iron Co. v. Camp.]

it judicially determines a question of which it has no equitable jurisdiction. To hold otherwise, would be to declare that the unauthorized assumption of jurisdiction by the court is legalized by the exercise of the assumed jurisdiction. Many cases arise where parties are entitled to equitable relief, and for complete justice, and to prevent multiplicity of suits, the court, having jurisdiction to administer the equitable relief, will adjudicate many questions purely legal. In all such cases, the equitable jurisdiction was independent of the questions which were of a purely legal character. A court of chancery has no original jurisdiction to try suits in ejectment, or settle questions of adverse titles resting upon different and disputed facts.—*Fielder v. Childs*, 73 Ala. 574; *Randle v. Boyd, Ib.* 287; *McMath v. DeBardelaben*, 75 Ala. 68; *Tyson v. Brown*, 64 Ala. 244; *Curry v. Peebles*, 83 Ala. 225; *Hambrick v. Russell*, 86 Ala. 201; *Foster v. Winchester*, 92 Ala. 407; *McEvoy v. Leonard, supra; Va. & Ala. Man. & Mining Co. v. Hale, ante*, p. 542.

One tenant in common may, under certain conditions, maintain assumpsit against his co-tenant. Whether the averments of the present bill bring the case within the rule, *quere? Fielder v. Childs*, 73 Ala. *supra.; Strother v. Butler*, 17 Ala. 733; *Pike v. Bright*, 29 Ala. 332; *Fuller v. Duren*, 36 Ala. 73; *Malone v. Hundley*, 52 Ala. 149.

The bill seeks no discovery of the defendant, neither are the averments of the bill sufficient to show a mutuality of indebtedness, or any complication of accounts. As was held in *Avery v. Ware*, 58 Ala. 475, it is not every matter of account of which a court of equity takes jurisdiction. There must be a fiduciary relation between the parties, or mutuality or complication of accounts, to justify the intervention of a court of equity. Where the accounts are all on one side, where the demands are purely legal, and the amount ascertainable by a simple calculation, the remedy at law is adequate.—*Knotts v. Tarver*, 8 Ala. 743; *Dickinson v. Lewis*, 34 Ala. 638; 29 Ala. 337; 7 Ala. 217. Equity jurisdiction in matters of account is exercised only where some special cause is alleged, as where the accounts are intricate, or discovery is prayed, or some other ground peculiar to equity exists.—*Jewett v. Bowman*, 29 N. J. Eq. Rep. 174. An accounting is always ordered in a court of equity, where it is an incident to some other relief; but where an accounting is the only ground of equitable intervention, there should be some averment of facts to show that a complete remedy can not be had in a court of law, or some fact peculiar to a court of equity.—6 Amer. & Eng. Ency. of Law, p. 720; authorities *supra*.

Reversed and remanded.