174 So. 778

**Ex parte DAYTON DRESS CO.**

**6 Div. 138.**

Supreme Court of Alabama.

May 27, 1937.

[1] Ante, p. 230.

Coleman, Spain, Stewart & Davies, of Birmingham, for petitioner.

Robt. E. Smith, of Birmingham, for respondent.

BROWN, Justice.

This is an original application for mandamus seeking to review the ruling of the circuit court of Jefferson county sustaining the plaintiff's demurrers to defendant's motion to transfer the cause to the equity docket. Code 1923 § 6490.

The motion alleges, in short, that the plaintiff sued out an attachment in the circuit court of Jefferson county, on the ground that the defendant is a nonresident of the state, and had the same executed by sheriff's writ of garnishment on several of the defendant's debtors who have answered that they are indebted to the defendant. That the plaintiff in said attachment suit claims that the defendant is indebted to him on account for commissions earned in selling goods for the defendant and that defendant has breached the contract under which the plaintiff was engaged to sell said goods for which the plaintiff claims the sum of $1,500; that during the term of his employment under said contract, the plaintiff procured and sent in to defendant's home office 1,114 orders; that orders were procured through defendant's New York office, on which the plaintiff claims commissions were due him. The defendant denies that it was liable for commissions on such orders; that plaintiff claims commissions on orders sent in direct by customers. The defendant denies liability on such orders.

That plaintiff was authorized to engage a salesman in the state of Louisiana, and claims commissions on all such sales. That the plaintiff purchased goods for his own use on which he was allowed a commission. The plaintiff claims that he was entitled to commissions on all orders sent in irrespective of whether the account was approved and goods shipped or not. This is denied by the defendant.

The plaintiff claims that he is entitled to commissions on all goods ordered, though the customer refused to accept same and returned them; while the defendant contends that much of the goods so returned were returned through the fault of the plaintiff, and defendant denies that any of the goods were returned through its fault.

The defendant contends that there was a full and complete settlement made between the plaintiff and the defendant before suit was brought, the balance was struck, and the plaintiff paid in full.

That the accounts are mutual, consisting of commissions computed and allowed and payments made, and are complicated and can better be stated and adjusted in a court of equity.

The statute provides that: "If an equitable question, the decision of which *should*

dispose of the cause and which cannot be disposed of in the law side of the court, depends upon the assertion of an equitable right or defense by a party who is defendant or an intervening claimant in such suit at law, such party may assert such right or defense by a written motion filed in the cause, which shall state the substance of the equitable right or defense, and be verified by the affidavit of some person having knowledge of the facts, and the legal sufficiency of such motion may be tested by demurrer and the facts therein may be controverted by affidavit. If it satisfactorily appears to the judge hearing the same that such motion and proof sufficiently assert and show an equitable right or defense, *the decision of which should dispose of the cause and which cannot be disposed of in the law side of the court,* he shall so state in his judgment or decree and shall direct therein that the cause be transferred ·from the law side of the court to the equity side of the court," etc.   (Italics supplied.)

■ The averments of the motions to transfer do not bring the case within the scope and influence of this statute. The most that the averments show is that an accounting in equity would be more nearly perfect than the verdict of a jury; nevertheless all questions at issue between the parties may be duly tried and disposed of in the common-law action of assumpsit. Ex parte Holzer, 219 Ala. 431, 122 So. 421; Boone v. Byrd, 201 Ala. 562, 78 So. 958; Michie et al. v. Bradshaw et al., 227 Ala. 302, 309, 149 So. 809.

■ It is a well-established principle that where the only ground of equity jurisdiction for an accounting is that· the accounts are mutual and complicated, the jurisdiction of equity is merely concurrent with the common-law court, and the court which first acquires jurisdiction will retain it to the exclusion of the other.  1 C.J. 614, § 57.

■ We are not of opinion that the averments of the motion are sufficient to show that the defendant is entitled to discovery in equity.

The writ of mandamus is denied and the petition dismissed.

Mandamus denied.  Petition dismissed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.