188 So. 68

ABBOTT v. SOUTHERN COTTON OIL CO.

8 Div. 939.

Supreme Court of Alabama.

April 13, 1939.

570

J. T. Johnson and H. T. Busby, both of Oneonta, for appellant.

Peach & Caddell, of Decatur, for appellee.

GARDNER, Justice.

The bill is one for the foreclosure of a mortgage on certain real and personal property therein described, executed by M. L. Laney and wife to the Southern Cotton Oil Company.

The mortgagors make no defense and are shown to have abandoned the property, and on January 1, 1938 disposed of whatever interest they had therein to one Giles, who later transferred any rights he had in and to the property to defendant Abbott, who is now in possession.

Reasonably interpreted, the bill clearly shows that Giles is without interest in the property or the subject matter of this suit, and was of consequence not a necessary party defendant. The demurrer of defendant Abbott taking the point that Giles is shown by the bill to be a necessary party defendant was properly overruled. Roundtree v. Satterfield, 211 Ala. 464, 100 So. 751; Hodge v. Joy, 207 Ala. 198, 92 So. 171; Haley v. Bennett, 5 Port. 452; Lewis v. Elrod, 38 Ala. 17; Merritt v. Phenix, 48 Ala. 87; Hudgens v. Cameron's Adm'r, 50 Ala. 379; 42 Corpus Juris 49, 50.

The demurrer takes the further point that the bill was prematurely filed, for the reason that no one of the notes for security of which the mortgage was given was due. The answer is that the due date of the mortgage was accelerated for a breach of a material condition, which under the terms of the mortgage authorized the mortgagee to declare the entire indebtedness due, a provision inserted for the benefit of the mortgagee and enforceable at his option. Summers v. Wright, 231 Ala. 372, 165 So. 87.

The mortgage is set out in the bill. Following the habendum clause are cer-

tain conditions to which the mortgagor agrees, among them that he will keep the property insured against loss or damage by fire or tornado in such an amount as may be required by the mortgagee, with loss payable clause to the mortgagee as his interests may appear. A further stipulation in the mortgage was to the effect that "if the mortgagor fails to perform any of the conditions herein contained * * * then * * * the mortgagee * * * shall be authorized to declare the whole of the indebtedness hereby secured and then remaining unpaid to be and become immediately due and payable, the promissory notes to the contrary notwithstanding."

■ That the condition in the mortgage for insurance of the property by the mortgagor is a legal and valid provision, in the absence of statutory restrictions, appears to be very generally recognized by the authorities (41 Corpus Juris 414; 1 Jones on Mortgages, section 78; Moore v. Crandall, 146 Iowa 25, 124 N.W. 812, 140 Am.St.Rep. 276), and is placed in the class of conditions relating to a failure to pay the taxes on the property, considered by this Court in Parker v. Olliver, 106 Ala. 549, 18 So. 40, 41. See authorities cited under note 43 of 41 Corpus Juris 414.

Paragraph 4 of the bill very definitely shows a demand upon the mortgagor to procure the insurance and the necessity on the part of the mortgagee to insure the property.

■ The condition, as previously stated, in the Parker case, supra, had reference to the payment of taxes, which, so far as the question here presented is concerned, is on an equal footing with the condition concerning a failure to keep the property insured. In the Parker case the holding was that such condition was entirely legal and contained nothing in the nature of a forfeiture or penalty. The following excerpt from the opinion in that case will suffice to show the reasoning upon which the decision is based: "It is entirely competent for debtor and creditor to agree upon a date or a contingency upon the occurrence of which the debt matures and becomes payable, or alternatively upon a date and a contingency; the date to toll maturity unless the contingency happens before it transpires, and the contingency to mark the time of maturity if it happens before the alternate day fixed in the contract. There is nothing in such stipulations in the nature of a forfeiture or a penalty. When the contingency occurs, it is as if the parties, without reference to any contingency, had agreed upon that day as the time of maturity and payment, and not in any sense upon the idea that the bringing of the debt to maturity at that time is a penalty on the debtor for the happening of the contingency, or a forfeiture of any right of his because it did happen. The debt matures upon that event because he has agreed that it should."

What is said in the Parker case, supra, is applicable here, and we consider that the question needs no further discussion.

■ Due to the particular language of an acceleration clause, a necessity may exist for a demand by the mortgagee on the mortgagor for the payment of an insurance premium, which the mortgagee has been forced to pay. 41 Corpus Juris 849, note 37. But the stipulation for acceleration of the maturity of the debt in the mortgage here considered contains no language justifying any such conclusion, and these authorities are therefore here inapplicable.

The reasoning and holding in the Parker case, supra, apply to the instant case, and are here controlling.

The demurrer was properly overruled, and the decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.