6 So.2d 593

### Ex parte DEATON et al.

### 6 Div. 967.

Supreme Court of Alabama.

Feb. 12, 1942.

Rehearing Denied March 19, 1942.

See, also, Deaton v. Deaton Truck Lines,. ante, p. 91, 4 So.2d 895.

J. P. Mudd, of Birmingham, for petitioners.

D. H. Markstein, Jr., of Birmingham, for respondent.

LIVINGSTON, Justice.

This is a petition for mandamus to compel the vacation of an order transferring a.

cause from the law to the equity docket of the Circuit Court of Jefferson County, Alabama.

On August 19, 1940, C. D. Deaton, Mrs. A. M. Deaton and C. D. Deaton, Jr., were the owners of all the outstanding capital stock of the Deaton Truck Lines, Inc., an Alabama corporation. On that day they entered into a written contract for the sale of the stock to M. E. Whitman, F. P. Lide, J. M. Adler and H. C. Webb. The sale was made as of the close of business of the corporation on July 31, 1940. The agreed purchase price was $80,000, subject to certain adjustments on account of cash in hand and in the bank, together with other assets and outstanding obligations and liabilities as of July 31, 1940. A portion of the purchase price was paid in cash, and the contract provided for the payment of the balance in monthly installments beginning January 20, 1941, evidenced by promissory notes.

The contract contains an acceleration clause giving to the sellers of the stock an option to declare the entire balance of the purchase price due and payable upon default in the payment of any installment which continues for ninety days. It further provides that neither of the sellers will directly or indirectly for a period of five years from the date of the contract compete with the buyers in the operation of a truck line in any state where the Deaton Truck Line is then operating. We deem it unnecessary to set out other provisions of the contract.

On March 18, 1941, C. D. Deaton, Mrs. A. M. Deaton and C. D. Deaton, Jr., brought suit against M. E. Whitman, F. P. Lide, J. M. Adler and H. C. Webb in the Circuit Court of Jefferson County, Alabama. The complaint contained three counts; one and two being in assumpsit for breach of the above-mentioned contract, while three claims damages for fraud and deceit practiced upon plaintiffs in and about the preparation and execution of the contract.

On March 19, 1941, the Deaton Truck Lines, Inc., M. E. Whitman, J. M. Adler and H. C. Webb filed their bill of complaint in the Circuit Court of Jefferson County, in equity, against C. D. Deaton, Mrs. A. M. Deaton and C. D. Deaton, Jr. The bill seeks an accounting to ascertain the balance due on the indebtedness from complainants to respondents under the terms of the contract, and a cancellation of the installment notes in excess of such balance, damages for a violation of the noncompetition clause of the contract and restraint of further violation thereof; and to restrain respondents from exercising the option to declare all unpaid installment notes due and payable, and to restrain and enjoin the prosecution of the suit at law.

On March 27, 1941, the trial court made and entered the following decree:

"This cause coming on to be heard is submitted for decree upon the aspect of the bill seeking an injunction, and the court having considered and understood the same is of the opinion that the complainants are entitled to relief as hereinafter provided. It is therefore, ordered, adjudged and decreed by the court as follows:

"1. That the respondents be and they are hereby separately and severally restrained and enjoined from declaring a forfeiture or in any way seeking to enforce the forfeiture provision of the contract subject matter of this suit, pending the final determination of this cause.

"2. The court is of the opinion that the pleadings and proof are insufficient to warrant a writ of injunction directed to the respondent to refrain from prosecuting the suit mentioned in the law side of the court and as to such aspect of the bill this decree should be without prejudice to the rights of complainant.

"3. This decree shall be effective upon complainants entering into a good and sufficient bond in the sum of six hundred dollars ($600.00) to be approved by the register of this court as provided by law, and the register is hereby authorized and directed to forthwith notify the respondents, or their solicitors of record, of the contents of this order by mailing a copy to them, or their solicitors of record, of this decree."

From the above decree, respondents appealed to this court, and on October 30, 1941, this court dismissed said appeal.

On November 1, 1941, complainants filed in the cause then pending in equity a motion seeking a transfer to the equity docket of the cause then pending on the law docket, and a consolidation of that cause with complainants' cause in equity. On November 7, 1941, Hon. E. M. Creel, judge of the circuit court, sitting in equity, made and entered an order transferring the law suit to the equity docket, and this proceeding is to vacate and set aside that order.

Admittedly, no attempt to comply with section 153, Title 13 of the Code of 1940, was made in transferring the cause from the law to the equity docket. Apparently, the respondent ordered the transfer in reliance upon the opinion of this court in Hall v. Clark, 227 Ala. 571, 151 So. 445, 447, where it is said:

"In the progress of the cause the chancellor entered an order for the transfer of the suit at law brought by defendant against this complainant to the equity side of the docket, and which in practical effect was a merger of the two causes of action. Appellant insists there was no compliance with the statute (sections 6490 and 6491), and that, therefore, this was error to reverse. These statutory provisions, however, are not here applicable. The transfer or merger was not under the statute, but represented merely an exercise of equity jurisdiction, rested upon a maxim of equity jurisprudence and practice that, 'Equity, having taken jurisdiction for one purpose, will administer complete relief.' The court had full jurisdiction of the cause and rightfully allowed the set-off.

"The suit at law could then serve no purpose save harassment of this complainant, and there is nothing in this order of which she could rightfully complain. The merger was necessary for complete relief, and the objection thereto is not well taken. There were no controverted issues of fact, and what has been said suffices to show our conclusion there was no error in the decree rendered, and it will accordingly be here affirmed."

However, that case is readily distinguished from the one here considered. It will be observed that in the Hall case, supra, the plaintiff in the suit at law filed his cross-bill in the equity cause, relying upon the same rights asserted in the suit at law, with the additional averment that the cross-respondent was insolvent. The evidence established the averments of the cross-bill, and the decree granting the relief prayed for therein was an effectual bar to the further prosecution of the suit at law. The propriety of the transfer was attacked by demurrer, and the adverse ruling of the trial court on demurrer was assigned as error on appeal. The court held "There is nothing in this order of which she could rightfully complain."

Under the facts in the instant case, the mode or method for the transfer of the suit at law to the equity side of the docket is that provided by section 153, Title 13, Code of 1940. As was said by this court in the recent case of Cadick Milling Co. v. Dothan Bank & Trust Co., ante, p. 132, 135, 5 So.2d 101, 103: "When defendant claims an equitable defense to an action at law, he may either enjoin the action at law and try the whole issue in equity (Cudd v. Cowley, 203 Ala. 665[4], 85 So. 13; 28 Amer.Jur. 474), or he may remove the cause to equity under Code of 1940, Title 13, section 153. But he must do one or the other."

It therefore follows that the order of the respondent transferring the cause from the law to the equity docket was erroneously made and entered, and the petition for mandamus is granted.

Writ awarded.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.