8 So.2d 819

**Ex parte DEATON et al.**

**6 Div. 30.**

Supreme Court of Alabama.

June 18, 1942.

Rehearing Denied June 30, 1942.

J. P. Mudd, of Birmingham, for petition-er.

D. H. Markstein, Jr., of Birmingham, for respondent.

LIVINGSTON, Justice.

■ Certain related aspects of this litigation were decided by this Court in the case of Ex parte Deaton et al., 6 So.2d 593,[1] where we held that the proper procedure for a transfer of the cause from the law to the equity docket was by petition filed on the law side under the provisions of section 153, Title 13, Code of 1940.

Facts sufficient for an understanding of the treatment of the matters now before the Court can be found in Ex parte Deaton, supra. See, also, Deaton v. Deaton Truck Lines, 242 Ala. 91, 4 So.2d 895.

After the writ of mandamus was awarded in Ex parte Deaton et al., supra, the defendants in the case of C. D. Deaton et al. v. M. E. Whitman et al., filed in that case, then pending on the law docket, their motion to transfer the cause from the law to the equity docket. The Hon. J. Edgar Bowron, as Judge of the Circuit Court of the Tenth Judicial Circuit of Alabama, heard and granted the motion, and made and entered an order transferring the cause from the law to the equity docket. Hence this petition for mandamus to compel the vacation of that order. The bill of complaint in the cause pending in equity, the answers to interrogatories in the cause sought to be transferred, and other exhibits are made a part of the motion to transfer.

The basis for petitioners' motion to transfer the cause from the law to the equity docket can be stated in substance, by quoting the prayer of the petition:

"Wherefore premises considered, movants pray that your honor will make and enter an order transferring this cause to the equity side of this court, to the end that movants may have the following separate and several equitable defenses, to-wit:

"An accounting.

"An offset, by way of damages for the violation of the competition clause of the said contract, together with an injunction against further violation thereof.

"An equitable determination of whether movants are in default under the provisions of the aforesaid contract between the parties hereto, and for equitable relief against any forfeiture resulting from such default; and to dispose of all issues between the parties hereto without multiplicity of suits, including a construction of the terms of the said contract between the parties hereto; that movant may secure the cancellation of outstanding negotiable promissory notes of the defendants now held by the plaintiffs under the provisions of the aforesaid contract between the parties hereto and for such general relief as the nature of the cause may require."

■ Aside from the numerous cases where an accounting may be had in equity in the exercise of jurisdiction acquired on other grounds, matters of account are per se within the scope of equity jurisdiction. This equitable jurisdiction is concurrent with that of the courts of law, and no precise rule can be laid down as to the cases in which a court of equity will exercise its jurisdiction. The court reserves to itself a large discretion on the subject,

[1] 242 Ala. 474.

and will take or refuse jurisdiction according to the circumstances of the particular case. The best considered authorities put equitable jurisdiction upon three grounds, viz., the complicated character of the accounts, the need of a discovery, and the existence of a fiduciary or trust relation. Tecumseh Iron Co. v. Camp, 93 Ala. 572, 9 So. 343; 21 Corpus Juris 132.

Here no discovery is sought of plaintiffs, nor is there a claim of the existence of a fiduciary or trust relationship between the parties.

Section 153, Title 13, Code of 1940, providing for the transfer of causes from the law to the equity docket provides, as follows: "If an equitable question, the decision of which should dispose of the cause and which cannot be disposed of in the law side of the court, depends upon the assertion of an equitable right or defense by a party who is defendant or an intervening claimant in such suit at law, such party may assert such right or defense by a written motion filed in the cause, which shall state the substance of the equitable right or defense, and be verified by the affidavit of some person having knowledge of the facts, and the legal sufficiency of such motion may be tested by demurrer and the facts therein may be controverted by affidavit. If it satisfactorily appears to the judge hearing the same that such motion and proof sufficiently assert and show an equitable right or defense, the decision of which should dispose of the cause and which cannot be disposed of in the law side of the court, he shall so state in his judgment or decree and shall direct therein that the cause be transferred from the law side of the court to the equity side of the court, and the same shall thereupon be docketed and proceed in the equity side of the court."

■■ The averments of the motion to transfer relative to an accounting, standing alone, do not bring the case within the scope and influence of this statute. The demands are purely legal and the amounts ascertainable by a simple calculation. It is well settled that where the only ground of equity jurisdiction for an accounting is that the accounts are mutual and complicated, the jurisdiction of equity is merely concurrent with the common law courts, and the court which first acquires jurisdiction will retain it to the exclusion of the other. Ex parte Dayton Dress Co., 234 Ala. 231,

174 So. 778; 1 Corpus Juris 614, section 57; 1 C.J.S., Accounting, § 15.

■ Another ground for defendants' motion to transfer is, in the language of the prayer thereof, "an offset, by way of damages for the violation of the competition clause of the said contract, together with an injunction against further violation thereof." The competition clause referred to is as follows: "As a part of the consideration of this agreement, each of the sellers separately for himself, agrees that he will not directly or indirectly compete with buyers in the operation of a truck line in any state where the said corporation is now operating, for a period of five years from the date hereof; and all parties agree that buyers will be damaged to the extent of $5,000.00 as liquidated damages by the breach of this paragraph hereof on the part of sellers; which amount any seller so breaching agrees to pay to buyers as such damages."

■ The set-off is recoverable, if at all, in an action at law. Section 350, Title 7, Code of 1940; Lysle Milling Co. v. North Alabama Grocery Co., 201 Ala. 222, 77 So. 748; Burnett & Bean v. Miller, 205 Ala. 606, 88 So. 871.

Section 153, Title 13, Code of 1940, provides for the transfer of causes from the law to the equity court, "If an equitable question, the decision of which should dispose of the cause and which cannot be disposed of in the law side of the court." Clearly, the granting of an injunction to enforce the competition clause of the contract would not dispose of the cause at law, and would not release movants from their obligation to pay according to the terms of the contract. The right to an injunction is no ground for a transfer under the statute and under the facts alleged in this case.

■ As to whether or not movants are in default under the provisions of the contract is purely a legal question. This Court in the case of Parker v. Olliver, 106 Ala. 549, 18 So. 40, 41, said: "It is entirely competent for debtor and creditor to agree upon a date or a contingency upon the occurrence of which the debt matures and becomes payable, or alternatively upon a date and a contingency; the date to toll maturity unless the contingency happens before it transpires, and the contingency to mark the time of maturity if it happens before the alternate day fixed in the contract. There is nothing in such stipulations

in the nature of a forfeiture or a penalty. When the contingency occurs, it is as if the parties, without reference to any contingency, had agreed upon that day as the time of maturity and payment, and not in any sense upon the idea that the bringing of the debt to maturity at ·that time is a penalty on the debtor for the happening of the contingency, or a forfeiture of any right of his because it did happen. The debt matures upon that event because he has agreed that it should."

The foregoing is quoted with approval in the case of Abbott v. Southern Cotton Oil Co., 237 Ala. 569, 188 So. 68. See, also, 19 R.C.L. 493–4; Federal Land Bank v. Wilmarth, 218 Iowa 339, 252 N.W. 507, 94 A.L.R. 1338; 19 Am.Jur. 97.

█ The construction of the contract likewise presents purely a legal question.

█ The motion seeks a transfer of the cause on the further ground that a multiplicity of suits will thereby be avoided. Why this is so, is not stated other than that after the suit was filed at law, a suit involving matters growing out of the same contract was filed on the equity side of the court. Obviously, this procedure, of itself, cannot be considered a proper ground for a transfer as it presents no equitable defense to the action at law. The transfer to equity was improvidently made.

The writ of mandamus is due to be, and is, awarded.

Mandamus awarded.

All the Justices concur, except KNIGHT, J., not sitting.