40 So.2d 870

## BONIE v. GRIFFIN.

### I Div. 358.

Supreme Court of Alabama.

May 26, 1949.

Forest A. Christian, of Foley, for appellant.

Hubert M. Hall, of Bayminette, for appellee.

300

STAKELY, Justice.

The complaint as originally filed by Fred Griffin (appellee) against G. H. Bonie (appellant) contained one count, designated as count 1, which sought recovery on a promissory note executed by G. H. Bonie to Fred Griffin. Without objection counts 2 and 3 were added by amendment and these counts were common counts respectively for money paid and for money due by account. The pleas of the defendant were the general issue, payment and set-off. There was verdict and judgment for the plaintiff both on count 1 and also on counts 2 and 3. Hence this appeal.

On March 15, 1946, G. H. Bonie, who is a contractor, entered into a written contract with Fred Griffin whereby G. H. Bonie agreed to erect a building on the property of Fred Griffin in Loxley, Alabama, for the sum of $32,749.30. It was stipulated that the building was to be constructed according to drawings and specifications attached to the contract and that the contractor was to furnish all labor and material for completion of the contract.

The contract contains the following provision: "4. If the owner shall upon written order signed by the contractor require any deviation from the said drawings and specifications or any additional or other work to be done to or than as described therein or any work therein described to be omitted, the contractor will carry out such requirement and perform the additional or other work in a substantial and workmanlike manner at such additional cost as shall be mutually agreed upon between the contractor and the owner."

On July 19, 1946, G. H. Bonie executed to Fred Griffin the note sued on in count 1. The note is for $3,000 and was payable on September 16, 1946, with interest at 8 percent from date. According to the defendant the note was made to evidence a loan made to supply him with advances under the contract to the extent of $3,000 and to help him to fulfill the contract. According to the plaintiff the note was made to evidence a loan of $3,000 which was made by the plaintiff to the defendant and which was entirely independent of the contract.

According to tendencies of evidence G. H. Bonie failed to complete his contract and it was necessary for Fred Griffin to take over the contract and complete the building in an amount approximately $11,000 in excess of the written contract. This is the claim on which counts 2 and 3 are based. According to the defendant he was asked to do work in addition to that required by the contract and complied with the request. According to the defendant these additional items aggregated approximately $13,215.31 and these are the items on which the defendant based his plea of set off. The court refused to allow proof of this alleged set-off on the theory that there was no compliance with the provisions of paragraph 4 of the contract in that there was no written order from the owner signed by the contractor calling for work additional to the original contract.

We think that the defendant should have been allowed to show that he furnished material and labor in connection with items which were in addition to the requirements of the original contract. It is no objection that no written contract or order covered these items, if the additional work was mutually agreed upon by the parties or done under circumstances implying mutual assent. The contract is not of that character which the law requires to be in writing and so the parties could alter or modify by parol the original written contract if such alteration or

modification was supported by mutual assent. Badders & Britt v. Davis, 88 Ala. 367, 6 So. 834; Davis v. Badders & Britt, 95 Ala. 348, 10 So. 422.

 It seems to be true that G. H. Bonie did not complete the original contract and so it is argued that he cannot recover on his plea of set off. This is incorrect. The items for which recovery is sought in the plea of set off are items additional to the original contract. Liability for these items is predicated not upon the original contract but upon materials furnished and labor done and accepted pursuant to an arrangement which was mutual and additional to the original contract. Hutchison v. Cullum, 23 Ala. 622; M'Voy v. Wheeler et al., 6 Port, 201; 71 C.J. 108; 58 Am. Jur. p. 538, § 34.

 During the taking of the evidence the defendant made a motion to transfer the cause to the equity side of the docket so that accounting could be had in equity. The court denied the motion. There was no error in this ruling. Among other things it is sufficient to say that such a motion is not within the scope and influence of the statute providing for removal of the cause to the equity side of the docket. Ex parte Dayton Dress Co., 234 Ala. 231, 174 So. 778.

For the error pointed out, the judgment of the lower court is reversed and the cause is remanded.

Reversed and remanded.

BROWN, FOSTER and LAWSON, JJ., concur.