82 So.2d 432

**James SEGREST**

**v.**

**Gilbert T. BROWN.**

**3 Div. 675.**

Supreme Court of Alabama.

·Sept. 15, 1955.

Warren S. Reese, Jr., Montgomery, for appellant.

Hill & Robison, Montgomery, for appellee.

LAWSON, Justice.

Gilbert T. Brown filed a bill in the circuit court of Montgomery County, in equity, alleging:

"2. That on, to-wit: the 30th day of January, 1952, the Complainant and the Respondent did enter into a contract, a copy of which is hereto attached, marked 'Exhibit A', and made a part hereof the same as if set out herein in full, with leave to refer thereto as often as may be necessary.

"3. That under the terms of said contract as shown by said 'Exhibit A', the Complainant did lease to the Respondent the grocery and market business together with the equipment and stock of goods, located in the premises at 624 South Decatur Street, Montgomery, Alabama, for a term of one year until, to-wit: January 31, 1953. That under the terms of said contract as shown by said 'Exhibit A', at the expiration of said lease, said place of business and stock and equipment were to be turned over to the Complainant with a stock of goods that would inventory at the same value and of the same grade as the stock of goods in said place of business at the commencement of said lease.

"4. That pursuant to said lease the Respondent took possession of said place of business at which time there was a stock of goods in said place of business with an inventory value of $4,972.49 and that at the expiration of said lease term when said place of business was turned back to the Complainant by the Respondent the inventory value of said stock of goods was $3,394.42 or $1,578.07 less than the inventory value at the time the Respondent took over said place of busi-

ness; and that the Complainant has called on the Respondent for an accounting and to make good said contract and make up said inventory to the value of the inventory of said stock of goods at the time the Respondent took over said place of business on, to-wit: February 1, 1952, which the Respondent has failed and refused to do.

"5. Plaintiff further avers that the Respondent is now operating a place of business known as Segrest Super Market at 1712 Upper Wetumpka Road, Montgomery, Alabama, which the Complainant is informed and believes, and upon such information and belief avers the fact to be, is owned by said Respondent. Further, Complainant is informed and believes and on such information and belief avers the fact to be that the nature and type of said business is the same as that operated by the Respondent under the above mentioned contract; that said business is the principal asset of the Respondent within the jurisdiction of this Court and that the Respondent is preparing to sell said business and leave the State of Alabama where he will be beyond the jurisdiction of this Court, without having an accounting with this Complainant."

In pertinent parts the bill prayed:

" * * * that pending a final disposition of this cause, the Court will enter a restraining order or enjoin Respondent from disposing of said place of business known as Segrest Super Market at 1712 Upper Wetumpka Road, Montgomery, Alabama, and the equipment therein or from encumbering all or any part thereof, without permission of the Court; that upon a final hearing of this cause this Court will require said Respondent to have an accounting with this Complainant as to the difference between the inventory value of the stock of goods in said place of business leased under the contract, a copy of which is hereto at-

tached, marked 'Exhibit A', at the time said Respondent took over said place of business and the stock of goods in said place of business at the expiration of said lease when said Respondent returned said place of business to this Complainant and the Complainant prays for such other, further and different relief as to the Court may seem just and proper in the premises."

After a hearing the trial court ordered and the Register issued a temporary injunction substantially as prayed.

Respondent's demurrer being overruled, he filed his answer and the cause came on for hearing before the trial court. Shortly after the hearing the trial court rendered a decree which reads in pertinent parts as follows:

" * * * It is, therefore,

"Ordered, adjudged and decreed by the Court:

"1. That the complainant do have and recover of the respondent the sum of $1,019.07 for which let execution issue.

"2. That the temporary restraining order issued in this cause on the 28th of April, 1953, be and the same is hereby continued in full force and effect until this judgment and decree as hereinabove rendered is paid and discharged, or until further orders of this Court.

"3. That the respondent do pay the costs herein accrued, same to be taxed by the Register, for which let execution issue."

From that decree the respondent below has appealed to this court.

Appellee seeks to sustain the action of the trial court mainly on the italicized parts of the language hereafter quoted from Ex parte Deaton, 243 Ala. 154, 155–156, 8 So.2d 819, 820:

"Aside from the numerous cases where an accounting may be had in

equity in the exercise of jurisdiction acquired on other grounds, matters of account are per se within the scope of equity jurisdiction. *This equitable jurisdiction is concurrent with that of the courts of law, and no precise rule can be laid down as to the cases in which a court of equity will exercise its jurisdiction. The court reserves to itself a large discretion on the subject, and will take or refuse jurisdiction according to the circumstances of the particular case.* The best considered authorities put equitable jurisdiction upon three grounds, viz., the complicated character of the accounts, the need of a discovery, and the existence of a fiduciary or trust relation. Tecumseh Iron Co. v. Camp, 93 Ala. 572, 9 So. 343; 21 Corpus Juris 132." (Italics supplied.)

■ The language italicized above was not intended to work a departure from the rule long established in this state to the effect that without reference to a discovery, or other relief peculiar to equity, that court will not entertain a bill for accounting unless there are mutual accounts between the parties or, if the accounts are not mutual, they are so complicated and difficult to adjust that relief at law is not adequate, or unless fiduciary relations exist between the parties. The case of Tecumseh Iron Co. v. Camp, 93 Ala. 572, 9 So. 343, cited in Ex parte Deaton, supra, fully recognizes those principles. See Doss v. Williams, 249 Ala. 565, 32 So.2d 221, and cases cited.

■ Discovery is not sought in this case. The averments of the bill clearly show that there is no question here of complicated accounting. An account is not complicated merely because it involves a large number of items. The bill averred with certainty the amount owed by respondent to the complainant and while the proof did not sustain that averment in all respects, the controversy between the parties could have been determined with ease in a court of law.

■ Mutual accounts is where each of the parties has an account against the other, as where each party has given credit to the other on the faith of indebtedness or each party has a demand or right of action against the other. An account is not mutual where it consists of items on one side and payments merely on the other.

■ Neither the averments of the bill nor the proof offered thereunder make out a case for an accounting in equity. Doss v. Williams, supra. We are of the opinion that complainant had a plain and adequate remedy at law.

■ The mere fact that respondent failed to maintain the inventory as agreed or to pay complainant for the difference in value gives no right to a court of equity to enjoin respondent from encumbering or disposing of equipment owned and used by him in another store, although such equipment be respondent's only assets in this state. Davis v. Kemp, 201 Ala. 219, 77 So. 745. See 116 A.L.R. 279.

We are of the opinion that the decree of the trial court should be reversed and one here rendered discharging the injunction and dismissing the bill. It is so ordered.

Reversed and rendered.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.