This case involves the dismissal of a divorce action for lack of prosecution.
James Messer (husband) filed a pro se complaint for divorce against Jennie Messer (wife) in July 1991. In his complaint, the husband asserted that he was currently serving a ten-year sentence and that the three children born of the marriage were in the custody of the Department of Human Resources because the wife had recently been determined to be an unfit mother. He requested that the trial court grant the divorce and reserve the issue of child custody for a final hearing.
In June 1992, the husband filed a motion for default judgment, claiming that the wife had failed to respond. The trial court determined that his motion was legally insufficient and it advised him that the case would be dismissed if not concluded within the next thirty days.
On two additional occasions, the husband filed motions for default judgment and on each occasion the trial court advised him that his motions failed to comply with the Alabama Rules of Civil Procedure, specifically Rule 55 and Form 79. Subsequent to the husband's filing a fourth application for default judgment, the trial court dismissed the case for lack of prosecution on September 1, 1992. The husband appeals.
At the outset, we note that when a party undertakes to represent himself pro se, he must comply with legal procedure and court rules. Black v. Allen, 587 So.2d 349 (Ala.Civ.App. 1991). The rules governing a court's operation in this state are no more forgiving to a pro se litigant than to one represented by counsel. Bowman v. Pat's Auto Parts,504 So.2d 736 (Ala.Civ.App. 1987).
Additionally, this court will address on appeal only those issues presented and for which supporting authorities have been cited to the court. Marshall County Personnel Board v. MarshallCounty, 507 So.2d 954 (Ala.Civ.App. 1987). Failure by an appellant to argue an issue in its brief waives that issue and precludes it from consideration on appeal. Simonton v. Carroll,512 So.2d 1384 (Ala.Civ.App. 1987).
In the instant case, the husband's pro se brief is devoid of supporting authority to consider on appeal. He provides a synopsis of the facts, an issue, and a very brief argument; however, he does not comply with any of the substantive requirements of Rule 28, A.R.App.P.
Recently this court stated the following regarding a pro se litigant with an inadequate brief:
 "[T]hat brief, in numerous respects, fails to comply with Rule 28, A.R.App.P. Although his brief appears to present a number of issues on appeal, he fails to cite any authority supporting his arguments. Lockett cites several rules in his brief, which concern only general propositions of law and which are not cited in such a way as to support Lockett's contentions of error on appeal. Furthermore, Lockett presents no case law as support for his contentions of error by the trial court."
Lockett v. A.L. Sandlin Lumber Co., 588 So.2d 889, 890
(Ala.Civ.App. 1991). Lockett substantially failed to comply with the mandates of Rule 28, A.R.App.P., and that failure placed Lockett in a perilous position, precluding consideration of the issues. Likewise, we affirm the judgment of the trial court in the instant case.
AFFIRMED.
All the Judges concur. *Page 1345