JuVonne H. Holland McDuffie and William Rex Holland were divorced by a judgment of the Geneva County Circuit Court on July 9, 1987. The mother was awarded custody of the parties' minor daughter; the father was awarded certain visitation and was ordered to pay, among other things, $200 per month child support.
On May 26, 1989, the parties filed a joint motion to modify, requesting that the trial court modify the child support provision of the divorce judgment pursuant to an agreement of the parties set forth in the joint motion. On May 31, 1989, the trial court *Page 388 
entered an order modifying the divorce judgment pursuant to the parties' agreement. The order stated that the father's child support obligation was increased to $500 per month and that the father was to pay to the mother, as additional child support, 25% of all moneys or other benefits, whether received monthly or in lump sum payments, that the father was receiving or would receive from any and all lawsuits filed on his behalf.
On April 14, 1994, the mother filed a petition for rule nisi, alleging that the father had failed to pay the court-ordered "additional" child support. The mother requested the trial court to issue an order requiring the father to show cause why he should not be held in contempt of court for his failure to pay the "additional" child support and to issue a temporary restraining order enjoining the father from transferring, assigning, or disposing of any funds that he had on deposit with the Benco Credit Union or any other financial institution. The mother also requested the trial court to enter a judgment in the amount of the father's child support arrearage.
On April 21, 1994, the trial court entered a temporary restraining order enjoining the father from transferring, assigning, or disposing of any funds on deposit at Benco Credit Union or any other financial institution and ordered that a copy of the order be served upon Benco. On May 17, 1994, the father answered and counterclaimed, requesting that his child support obligation be reduced and that the mother be required to file an accounting of the $66,434.31 that the father had paid to her for the benefit and use of the minor child.
Following an ore tenus proceeding, the trial court entered a judgment on July 26, 1995, stating in pertinent part:
 "This cause coming to be heard is submitted for a final judgment on the pleadings and testimony taken orally before this Court, and the Court having cgnsidered the same, the Court finds as follows:
 "On July 8, 1987, a final judgment of divorce was entered granting the mother custody of the minor child of the parties and ordering the father to pay $200.00 per month as child support.
 "On May 31, 1989, pursuant to a joint petition to modify, the judgment of divorce was modified in substance as follows: the father agreed to pay $500.00 per month child support until the child finished her formal education. In addition to $500.00 per month, the father agreed to pay to the mother 25% of all monies or other benefits he is now or in the future to receive in regard to [a] certain personal injury lawsuit, whether the monies or benefits are or have been received in monthly or lump sum payments or in combination of both. These payments were due when the monies or benefits are received and were to continue so long as the father received such money until the child received 25% of such monies.
 "The Court finds that the agreement was prepared by the mother's attorney and executed in her attorney's office. The father was unrepresented. The Court further finds that neither party was married when the joint agreement was signed.
 "On February 7, 1979, the father settled his lawsuit. The total recovery was $1,415,000.00 After the deductions of expenses and legal fees, the balance due the father was $644,122.92. This was disbursed as follows: cash — $245,522.92; cash — $1,600.00; annuity — $400,000.00.
 "By the terms of the annuity, the father was to receive $2,400.00 per month for life/20 years guaranteed, beginning March 15, 1989. He also would receive lump sum payments from $20,000.00 to $210,000.00 every five years from March 15, 1994 to March 15, 2019. . . .
 "On March 8, 1989, $61,434.31 was set aside for the child. On March 15, 1994, $5,000.00 of the $20,000.00 lump sum payment was set aside for the child. These monies were paid to the mother for the use and benefit of the child. None of the monthly $2,400.00 has been paid as child support.
 "The Court finds that the joint motion to modify and [the] order modifying the divorce judgment [were] filed and issued after the father's lawsuit had been settled *Page 389 
and after $61,434.31 had been set aside for the daughter. The Court further finds that none of the monthly $2,400.00 payment had been paid to the mother for child support and no demand had been made or issue raised concerning the $2,400.00 until this contempt petition was filed. The Court further finds that the mother filed a petition for Chapter 11 Bankruptcy. In listing her income, she listed child support at $500.00 per month.
 "The Court finds in reviewing the testimony of the parties, the joint petition to modify, the terms of the agreement to modify, the relative position of the parties, that there was no agreement to pay an additional 25% of $2,400.00 to the mother as child support in addition to $500.00 per month and the $61,434.31 lump sum payment, plus 25% of the future lump sum payment. The Court further finds that it was not within the contemplation of the parties to pay 25% of $2,400.00 per month as additional child support.
 "The Court further finds that a non-custodial parent is not legally obligated to support a child after the child has reached [majority] unless [the] child is disabled, [post-minority] education[al] support is ordered or an agreement to the contrary has been reached. In this case, the father did agree to pay 25% of future annuity payments for the benefit of the child. At this time, there is no evidence before this Court that would show such a substantial change of circumstances to modify the court approved agreement or to modify the monthly support.
 "The Court further finds that the mother had received $500.00 per month as child support for the support and maintenance of the child and no accounting should be made concerning these payments.
 "However, the Court finds that [the] $61,434.31 and the $5,000.00 lump sum payment has been spent and invested indiscriminately by the mother. These funds have been intermingled and co-mingled with accounts of the mother. The Court finds that the mother should make an accounting to the Court concerning use of the funds and further, any assets purchased or investments made from these funds should be titled in the name of the child and kept separate and apart from the assets and accounts of the mother and that all profits or losses from any investments of the child's funds should be strictly accounted for.
"THEREFORE, IT IS ORDERED AND ADJUDGED as follows:
"1. That the father is not in contempt of court.
 "2. That the amount of child support to be paid is $500.00 per month, plus 25% of the lump sum annuity payments.
 "3. That the prior orders of the Court and the agreement of the parties shall not be modified.
 "4. That the mother shall file an accounting with the Court accounting for the expenditures and investments of the $61,434.31 received by the mother for the use and benefit of the child and the $5,000.00 received by the mother for the use and benefit of the minor child. . . ."
". . . .
 "6. That the accounting shall be filed within 30 days from the date of this judgment.
". . . .
 "9. That the 27[th] day of [September], 1995, at 1:30 is hereby set for a hearing to pass on the accounting and to consider appointing a guardian and conservator for the child's assets and funds. . . ."
On August 24, 1995, the mother filed a motion to alter, amend, or vacate the judgment, which was denied on October 18, 1995.
The mother appeals, raising three issues: (1) whether the trial court erred by failing to order the husband to pay 25% of his monthly annuity payment as additional child support; (2) whether the trial court erred in requiring the mother to make an accounting of the lump sum child support payments; and (3) whether the trial court erred in ordering the establishment of a guardianship or a conservatorship. *Page 390 
 I. Husband's Payment of 25% of Monthly Annuity Payments
The parties' joint motion to modify, which set out the agreement entered between the parties, provides in pertinent part:
 "In addition to the child support set out in paragraph one above, William Rex Holland shall pay unto JuVonne H. Holland McDuffie, as child support of his child, 25% of all monies or other benefits he is now or in the future shall receive in regards to any and all [suits] filed on his [behalf] which have been settled or were tried to a Plaintiff's verdict, whether the monies or benefits are or have been received in monthly payments, or lump sum [p]ayments or in any combination of the above, or in any other form. . . ."
The trial court held that "there was no agreement to pay an additional 25% of $2,400.00 to the mother as child support in addition to $500.00 per month."
"The general rule of contract law is that, if a written contract exists, the rights of the parties are controlled by that contract, and parol evidence is not admissible to contradict, vary, add to, or subtract from, its terms."Clark v. Albertville Nursing Home, Inc., 545 So.2d 9, 11 (Ala. 1989).
The terms of the agreement and the May 31, 1989, order were clear and unambiguous. Therefore, we conclude that the trial court erred in holding that the father is not required to pay the mother 25% of his $2,400 monthly annuity as part of the additional child support.
 II. Accounting
The mother argues that the trial court erred in requiring the mother to make an accounting of the lump sum child support payments she had received from the father. When the equitable jurisdiction of the trial court is invoked, the trial court has much discretion in determining whether to order an accounting.Ex parte Deaton, 243 Ala. 154, 8 So.2d 819 (1942). "[R]egardless of the form or nature of the proceeding, once the trial court has obtained jurisdiction over the children of divorced parents, the court retains jurisdiction during their infancy, and it is the court's duty to protect the interest of the children with scrupulous care." Vaughn v. Vaughn,473 So.2d 1090, 1091 (Ala.Civ.App. 1985).
In this case, the father, in his counterclaim, asserted that the mother had mismanaged the minor child's funds and requested the trial court to order the mother to provide an accounting of the $61,434.31 and the $5,000 paid to the mother for the benefit and use of the minor child. The mother testified that she had "invested" $15,000 of the minor child's money in her "chicken houses" and that she had used some of the money for living expenses. She admitted that the minor child's name is not on the deed to the "chicken farm" and that she had used $2,000 of the child's money to retain her attorney in these proceedings. The mother testified that there is only $20,000 remaining of the $66,434.31 she had received.
Based on the foregoing, we conclude that the trial court did not abuse its discretion in ordering the mother to make an accounting of the $66,434.31 that she had received for the minor child's benefit and use.
 III. Establishment of Guardianship or Conservatorship
With regard to the mother's third contention, she cites as authority general propositions of law concerning guardianship and child support. "This court will address on appeal only those issues presented and for which supporting authorities have been cited to the court. Failure by an appellant to argue an issue in its brief waives that issue and precludes it from consideration on appeal." Messer v. Messer, 621 So.2d 1343,1344 (Ala.Civ.App. 1993) (citations omitted). It is well established that general propositions of law are not considered supporting authority. Ex parte Riley, 464 So.2d 92 (Ala. 1985). Therefore, we do not address the mother's third issue. Danielv. Trade Winds Travel, Inc., 532 So.2d 653 (Ala.Civ.App. 1988).
Those portions of the judgment of the trial court requiring the mother to file an accounting and concerning the establishment of a guardianship or conservatorship are affirmed; *Page 391 
that portion of the trial court's judgment holding that the father is not required to pay 25% of his $2,400 monthly annuity benefit as additional child support is reversed, and the cause is remanded for further proceedings.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THIGPEN, J., concurs.
MONROE, J., concurs in the result.